# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,
1333 H Street NW, 11th Floor
Washington, DC 20005,

    *Plaintiff*,

vs.

DEPARTMENT OF JUSTICE,
950 Pennsylvania Avenue NW
Washington, DC 20530,

DEPARTMENT OF COMMERCE,
1401 Constitution Avenue, NW
Washington, DC 20230,

    *Defendants*.

Case No.

## COMPLAINT FOR INJUNCTIVE RELIEF

1.    Plaintiff Democracy Forward Foundation ("Democracy Forward") brings this action against Defendants Department of Justice ("DOJ") and Department of Commerce ("DOC") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2.    On August 2, 2018, Democracy Forward submitted FOIA requests to Defendants requesting certain communications and other records that would show whether Defendants have discussed the Census Bureau's "Residence Rule" with the State of Alabama. The Residence Rule sets forth the Census Bureau's long-standing practice of counting all people, regardless of immigration status, in the United States Census. Any responsive records are of pressing

importance given a pending lawsuit by the State of Alabama which seeks to have the Residence Rule declared unconstitutional.

3. To date, Defendants have not fully complied with their obligations under the FOIA.

4. Accordingly, Democracy Forward seeks an injunction directing Defendants to comply with FOIA and to search for and produce all responsive documents.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

7. Plaintiff Democracy Forward Foundation is a not-for-profit media organization incorporated under the laws of the District of Columbia and based in Washington, D.C. Democracy Forward works to promote transparency and accountability in government, in part by educating the public on government actions and policies. Among other things, Democracy Forward posts information it receives from FOIA requests on the internet and writes about them in various media. Democracy Forward's FOIA investigations have led to numerous stories of significant public interest.

8. Defendant Department of Justice is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.

9. Defendant Department of Commerce is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.

**FACTUAL ALLEGATIONS**

10. Democracy Forward submitted a FOIA request to each agency on August 2, 2108.

11. The FOIA request to DOJ requested the following records:

1. All communications regarding the Residence Rule with (a) the State of Alabama, including but not limited to employees or other staff of the Office of the Governor of Alabama, the Office of the Attorney General of Alabama, and the Office of the Solicitor General of Alabama; or (b) Representative Morris J. Brooks, Jr., or his employees or other staff.

2. All communications regarding how the decennial census will count foreign citizens in the United States with (a) the State of Alabama, including but not limited to employees or other staff of the Office of the Governor of Alabama, the Office of the Attorney General of Alabama, and the Office of the Solicitor General of Alabama; or (b) Representative Morris J. Brooks, Jr., or his employees or other staff.

3. All communications regarding Alabama's legal challenge to the Residence Rule, *State of Alabama, et al, v. Dep't of Commerce, et al.*, Civil No. 18-0772 (N.D. Ala.) with (a) the State of Alabama, including but not limited to employees or other staff of the Office of the Governor of Alabama, the Office of the Attorney General of Alabama, and the Office of the Solicitor General of Alabama; or (b) Representative Morris J. Brooks, Jr., or his employees or other staff.

4. All calendar entries and visitor logs, including any associated attachments or notes, reflecting meetings or communication with (a) the State of Alabama, including but not limited to employees or other staff of the Office of the Governor of Alabama, the Office of the Attorney General of Alabama, and the Office of the Solicitor General of Alabama; or (b) Representative Morris J. Brooks, Jr., or his employees or other staff, in which any of the subjects of requests 1-3 could have been discussed.

12. The FOIA request to DOJ stated, "[i]n completing this request, please search for records within the Civil Rights Division, the Civil Division, Justice Management Division, the Office of Public Affairs, and DOJ leadership offices." It also stated, "[t]he time period for this search is from January 20, 2017 to the date the search is completed."

13. The FOIA request to DOC requested the following records:

1. All communications regarding the Residence Rule with (a) the State of Alabama, including but not limited to employees or other staff of the Office of the Governor of Alabama, the Office of the Attorney General of Alabama, and the Office of the Solicitor

General of Alabama; or (b) Representative Morris J. Brooks, Jr., or his employees or other staff.

2. All communications regarding how the decennial census will count foreign citizens in the United States with (a) the State of Alabama, including but not limited to employees or other staff of the Office of the Governor of Alabama, the Office of the Attorney General of Alabama, and the Office of the Solicitor General of Alabama; or (b) Representative Morris J. Brooks, Jr., or his employees or other staff.

3. All communications regarding Alabama's legal challenge to the Residence Rule, *State of Alabama, et al, v. Dep't of Commerce, et al.*, Civil No. 18-0772 (N.D. Ala.) with (a) the State of Alabama, including but not limited to employees or other staff of the Office of the Governor of Alabama, the Office of the Attorney General of Alabama, and the Office of the Solicitor General of Alabama; or (b) Representative Morris J. Brooks, Jr., or his employees or other staff.

4. All calendar entries and visitor logs, including any associated attachments or notes, reflecting meetings or communication with (a) the State of Alabama, including but not limited to employees or other staff of the Office of the Governor of Alabama, the Office of the Attorney General of Alabama, and the Office of the Solicitor General of Alabama; or (b) Representative Morris J. Brooks, Jr., or his employees or other staff, in which any of the subjects of requests 1-3 could have been discussed.

14. The FOIA request to DOC stated, "[i]n completing this request, please search for records within the Department of Commerce leadership offices, the Census Bureau, and any other office reasonably likely to have responsive records." It also stated, "[u]nless otherwise specified, the time period for this search is from January 20, 2017 to the date the search is completed."

15. Both FOIA requests asked for a fee waiver on the ground that the subject of the requests concerned operations of the federal government, and the disclosures would likely contribute to a better understanding of these operations by the public in a significant way. *See* 5 U.S.C. § 552(a)(4)(A)(iii).

*DOC Response*

16. On August 21, 2018, DOC FOIA staff sent an email to Democracy Forward requesting which Census Bureau offices Democracy Forward would like to have included in the FOIA search.

17. On August 23, 2018, undersigned counsel responded by email on behalf of Democracy Forward stating, "Please search the following offices: Director, Deputy Director, Policy Coordination, the Associate and Assistant Directors of Decennial Census Programs, the Decennial Census Management Division, and the Communications office. If you discover that other offices may have responsive records, please search those as well."

18. On August 27, 2018, DOC FOIA staff responded by email agreeing to do so.

19. On October 3, 2018, undersigned counsel emailed DOC FOIA staff to inquire as to the status of the FOIA request. DOC FOIA staff responded the same day with a question to clarify the request, which undersigned counsel answered by email the same day.

20. Democracy Forward has not received any other communications from DOC regarding this FOIA request or any responsive records.

*DOJ Response*

21. On August 3, 2018, DOJ emailed an initial response letter to Democracy Forward. This letter assigned the FOIA request tracking number EMRUFOIA080218. It stated that the FOIA request had been referred to the Civil Division, the Office of Public Affairs, and the Office of the Solicitor General.

22. August 6, 2018, DOJ's Civil Division emailed its own response letter. This letter identified the request as number 145-FOI-16209 HDK. It determined that the request presented

unusual circumstances, and accordingly, the office was extending the time to respond to the request "beyond the ten additional days provided by the statute."

23. On August 21, 2018, the Civil Division emailed its final response to the DOJ FOIA request, including 21 pages of records released in part. Portions of the release were withheld under the FOIA pursuant to 5 U.S.C. § 552(b)(6).

24. On August 21, 2018, DOJ's Office of the Solicitor General also emailed a response letter to the DOJ FOIA request. This letter assigned the tracking number 2018-127221 to the FOIA request. It also stated that the request had been assigned to the "complex" processing track and extended the time limit to respond to the request "beyond the ten additional days provided by the statute."

25. Democracy Forward has not received any other communications from DOJ.

\*\*\*

26. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendants were required to determine whether to comply with the FOIA request within twenty business days of receipt of the request and to notify Democracy Forward immediately of their determination, the reasons therefor, and the right to appeal any adverse determination. When there are "unusual circumstances," Defendants may extend this deadline by ten working days, as provided in subsection 552(a)(6)(B)(iii).

27. Including the ten-day extension claimed by DOJ, Defendants' response to the FOIA requests were due no later than September 17, 2018.

28. DOC has not produced any records in response to the FOIA request or advised Democracy Forward of any determination whether to comply with the FOIA request.

29. Democracy Forward requested that DOJ search multiple components for responsive records, yet only one has completed its search and produced records. The other components to which DOJ assigned the FOIA request have not produced any responsive records or advised Democracy Forward of any determination whether to comply with the FOIA request.

30. Because Defendants failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(B)(i), Democracy Forward is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## CLAIM FOR RELIEF

31. Democracy Forward incorporates by reference the foregoing paragraphs as if fully set forth herein.

32. By failing to respond to Democracy Forward's request within the statutorily mandated time period, Defendants have violated their duties under FOIA, 5 U.S.C.§ 552, including but not limited to its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all reasonably segregable nonexempt information, and to not withhold responsive records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Democracy Forward Foundation prays that this Court:

1. order Defendants to conduct a search for any and all responsive records to Democracy Forward's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to discovery of all responsive records;

2. order Defendants to produce, by a date certain, any and all nonexempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. enjoin Defendants from continuing to withhold any and all nonexempt responsive records;

4. order Defendants to grant Democracy Forward's request for a fee waiver;

5. award Democracy Forward its attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. grant Democracy Forward any other relief this Court deems appropriate.

Dated October 5, 2018                    Respectfully submitted,

/s/ *Robin F. Thurston*
Robin F. Thurston (D.C. Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
rthurston@democracyforward.org